# EXHIBIT A

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>S. Michele Inan, Deputy Attorney General, SBN 119205<br>455 Golden Gate Ave., Suite 11000<br>San Francisco, CA 94102-7004<br><br>TELEPHONE NO.: 415-510-3802     FAX NO. *(Optional):* 415-703-5480<br>E-MAIL ADDRESS *(Optional):* michele.inan@doj.ca.gov<br>ATTORNEY FOR *(Name):* Betty T. Yee, Controller of the State of California, Plaintiff | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>STREET ADDRESS: 400 McAllister St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102-4514<br>BRANCH NAME: Civic Center Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Betty T. Yee, Controller of the State of California<br><br>DEFENDANT/RESPONDENT: ClubCorp Holdings, Inc., et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>CGC-19-576314 |

TO *(insert name of party being served):* ClubCorp Holdings, Inc., et al., c/o Ethan Millar, Esq.

## NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 10, 2019

S. Michele Inan
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

## ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*

     Civil Case Cover Sheet; Notice of Case Management Conference; Alternative Dispute Resolution (ADR Package)

*(To be completed by recipient):*

Date this form is signed:

Ethan D. Millar, on behalf of all defendants

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

BY FAX

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY |
|---|---|
| | *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CLUBCORP HOLDINGS, INC., et al. (List of Additional Defendants Attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

BETTY YEE, CONTROLLER OF STATE OF CALIFORNIA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*   San Francisco County Superior Court

400 McAllister St., San Francisco, CA 94102-4514

| CASE NUMBER: |
|---|
| *(Número del Caso):* |
| CGC 19 - 576314 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

S. Michele Inan, 455 Golden Gate Ave., Suite 11000, San Francisco, CA 94102

DATE: May 28, 2019                    **CLERK OF THE COURT** Clerk, by _____, Deputy
*(Fecha)* MAY 2 9 2019                    *(Secretario)*      DE LAY, NAVARRO, Rossaly    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ClubCorp Holding, Inc.

under: ☑ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☑ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE:<br>Yee v. ClubCorp Holdings | CASE NUMBER: |
|---|---|

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

[ ] Plaintiff   [✓] Defendant   [ ] Cross-Complainant   [ ] Cross-Defendant

CLUBCORP CLUB OPERATIONS, INC., CCA CLUB OPERATIONS HOLDING, LLC, CLUBCORP USA, INC., CLUBCORP ALISO VIEJO HOLDING CORP., BERNARDO HEIGHTS COUNTRY CLUB, CLUBCORP BRAEMAR COUNTRY CLUB, INC., CLUBCORP CREST COUNTRY CLUB, INC., CLUBCORP CENTER CLUB, INC., CLUBCORP COTO PROPERTY HOLDINGS, INC., CLUBCORP CROW CANYON MANAGEMENT CORP., CLUBCORP DESERT FALLS COUNTRY CLUB, INC., GRANITE BAY GOLF CLUB, INC., A/K/A CLUBCORP GRANITE BAY MANAGEMENT, INC., CLUBCORP IW GOLF CLUB, INC., CLUBCORP MISSION HILLS COUNTRY CLUB, INC., CLUBCORP PORTER VALLEY COUNTRY CLUB, INC., SANTA ROSA GOLF & COUNTRY CLUB, CLUBCORP SPRING VALLEY LAKE COUNTRY CLUB, INC., CLUBCORP TEAL BEND GOLF CLUB, INC., CLUBCORP TURKEY CREEK GOLF CLUB, INC., CLUBCORP SYMPHONY TOWERS CLUB, INC., CITY CLUB OF LOS ANGELES, INC., A/K/A CLUBCORP BUNKER HILL CLUB, INC., SILICON VALLEY CAPITAL CLUB A/K/A CLUBCORP SAN JOSE CLUB, INC., MORGAN RUN CLUB & RESORT, EMPIRE RANCH GOLF CLUB, INC., OLD RANCH COUNTRY CLUB, LLC, SHADOWRIDGE GOLF CLUB, INC., ROYAL DRIVE COUNTRY CLUB, INC., MCC MANAGEMENT CORPORATION, LAKEVIEW CITY CLUB, INC., SAN FRANCISCO TENNIS CLUB, INC., LOS GATOS TENNIS CLUB, INC., MARINA CLUB MANAGEMENT, INC., CLUBCORP AIRWAYS GOLF CLUB, INC.

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

BY FAX

1  XAVIER BECERRA
   Attorney General of California
2  PAUL STEIN
   Supervising Deputy Attorney General
3  S. MICHELE INAN
   Deputy Attorney General
4  State Bar No. 119205
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone: (415) 703-5474
6    Fax: (415) 703-5480
     E-mail: Michele.Inan@doj.ca.gov
7  *Attorneys for Plaintiff Betty T. Yee, Controller of the*
   *State of California*
8

F I L E D
San Francisco County Superior Court
MAY 2 9 2019
CLERK OF THE COURT
BY: _____
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

9

COUNTY OF SAN FRANCISCO

10

11

CGC - 19 - 576314

12  BETTY T. YEE, CONTROLLER OF THE
    STATE OF CALIFORNIA,

Case No. _____

13
                                  Plaintiff,
14
                v.
15

16  CLUBCORP HOLDINGS, INC.,
    CLUBCORP CLUB OPERATIONS, INC.,
17  CCA CLUB OPERATIONS HOLDING,
    LLC, CLUBCORP USA, INC., CLUBCORP
18  ALISO VIEJO HOLDING CORP.,
    BERNARDO HEIGHTS COUNTRY CLUB,
19  CLUBCORP BRAEMAR COUNTRY
    CLUB, INC., CLUBCORP CREST
20  COUNTRY CLUB, INC., CLUBCORP
    CENTER CLUB, INC., CLUBCORP COTO
21  PROPERTY HOLDINGS, INC.,
    CLUBCORP CROW CANYON
22  MANAGEMENT CORP., CLUBCORP
    DESERT FALLS COUNTRY CLUB, INC.,
23  GRANITE BAY GOLF CLUB, INC., A/K/A
    CLUBCORP GRANITE BAY
24  MANAGEMENT, INC.,  CLUBCORP IW
    GOLF CLUB, INC., CLUBCORP MISSION
25  HILLS COUNTRY CLUB, INC.,
    CLUBCORP PORTER VALLEY
26  COUNTRY CLUB, INC., SANTA ROSA
    GOLF & COUNTRY CLUB,  CLUBCORP
27  SPRING VALLEY LAKE COUNTRY
    CLUB, INC., CLUBCORP TEAL BEND
28  GOLF CLUB, INC., CLUBCORP TURKEY

**COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF TO
ENFORCE CALIFORNIA'S
UNCLAIMED PROPERTY LAW**
(Code Civ. Proc., § 1500 *et seq.*)

**Exempt from Filing Fees**
(Gov. Code, § 6103)

1

1  CREEK GOLF CLUB, INC., CLUBCORP
   SYMPHONY TOWERS CLUB, INC., CITY
2  CLUB OF LOS ANGELES, INC., A/K/A
   CLUBCORP BUNKER HILL CLUB, INC.,
3  SILICON VALLEY CAPITAL CLUB
   A/K/A CLUBCORP SAN JOSE CLUB,
4  INC., MORGAN RUN CLUB & RESORT,
   EMPIRE RANCH GOLF CLUB, INC., OLD
5  RANCH COUNTRY CLUB, LLC,
   SHADOWRIDGE GOLF CLUB, INC.,
6  ROYAL DRIVE COUNTRY CLUB, INC.,
   MCC MANAGEMENT CORPORATION,
7  LAKEVIEW CITY CLUB, INC., SAN
   FRANCISCO TENNIS CLUB, INC., LOS
8  GATOS TENNIS CLUB, INC., MARINA
   CLUB MANAGEMENT, INC.,
9  CLUBCORP AIRWAYS GOLF CLUB,
   INC., AND DOES 1-100,
10
                              Defendants.
11

12

13      Plaintiff BETTY T. YEE, Controller of the State of California, based on information and

14  belief, alleges as follows:

15                              **PARTIES**

16      1.      Plaintiff BETTY T. YEE is the elected Controller of the State of California ("the

17  Controller"). The Controller enforces California's Unclaimed Property Law, Code of Civil

18  Procedure section 1500 et. seq. ("the UPL"), and has all powers necessary to safeguard and

19  conserve the interests of all parties, including the State of California, having any vested or

20  expectant interest in unclaimed property. These powers include authority to make investigations

21  and prosecute actions concerning all matters relating to the business activities and subjects under

22  the Controller's jurisdiction. (Gov. Code, § 11180; see also Code Civ. Proc., § 1572.)

23      2.      Defendant CLUBCORP HOLDINGS, INC. is a Delaware LLC with a principal place

24  of business in Texas. CLUBCORP HOLDINGS, INC. is the largest owner and operator of

25  private golf and country clubs in the country. Through its various subsidiaries and affiliates, it

26  currently owns or operates more than 200 golf and country clubs and business, sports and alumni

27  clubs worldwide, including more than twenty (20) subsidiary or affiliated clubs located in

28  California, which are also parties to this action. CLUBCORP HOLDINGS, INC. conducts

2

1  business in California.

2  3.      Defendant CLUBCORP CLUB OPERATIONS, INC. is a Delaware LLC with a

3  principal place of business in Texas.  CLUBCORP CLUB OPERATIONS, INC. conducts

4  business in California, including operation of the more than 20 affiliated clubs located in

5  California, which are also parties to this action.

6  4.      Defendant CCA CLUB OPERATIONS HOLDING, LLC is a Delaware LLC with a

7  principal place of business in Texas.  CCA CLUB OPERATIONS HOLDING, LLC conducts

8  business in California, including operation of the more than 20 affiliated clubs located in

9  California, which are also parties to this action.

10  5.      Defendant CLUBCORP USA, INC. is a Delaware LLC with a principal place of

11  business in Texas.  CLUBCORP USA, INC. conducts business in California, including operation

12  of the more than 20 affiliated clubs located in California, which are also parties to this action.

13  6.      Defendant CLUBCORP ALISO VIEJO HOLDING CORP. is an affiliate, subsidiary,

14  or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

15  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

16  CLUBCORP USA, INC.  CLUBCORP ALISO VIEJO HOLDING CORP.'s principal place of

17  business is in Aliso Viejo, California.

18  7.      Defendant BERNARDO HEIGHTS COUNTRY CLUB is an affiliate, subsidiary, or

19  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

20  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

21  CLUBCORP USA, INC.  BERNARDO HEIGHTS COUNTRY CLUB's principal place of

22  business is in San Diego, California.

23  8.      Defendant CLUBCORP BRAEMAR COUNTRY CLUB, INC. is an affiliate,

24  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

25  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

26  LLC, and/or CLUBCORP USA, INC.  CLUBCORP BRAEMAR COUNTRY CLUB, INC.'s

27  principal place of business is in Tarzana, California.

28  9.      Defendant CLUBCORP CREST COUNTRY CLUB, INC. is an affiliate, subsidiary,

1  or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

2  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

3  CLUBCORP USA, INC. CLUBCORP CREST COUNTRY CLUB, INC.'s principal place of

4  business is in Riverside, California.

5       10.    Defendant CLUBCORP CENTER CLUB, INC., is an affiliate, subsidiary, or

6  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

7  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

8  CLUBCORP USA, INC. CLUBCORP CENTER CLUB, INC.'s principal place of business is in

9  Costa Mesa, California

10      11.    Defendant CLUBCORP COTO PROPERTY HOLDINGS, INC. is an affiliate,

11  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

12  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

13  LLC, and/or CLUBCORP USA, INC. CLUBCORP COTO PROPERTY HOLDINGS, INC.'s

14  principal place of business is in Coto de Caza, California

15      12.    Defendant CLUBCORP CROW CANYON MANAGEMENT CORP. is an affiliate,

16  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

17  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

18  LLC, and/or CLUBCORP USA, INC. CLUBCORP CROW CANYON MANAGEMENT

19  CORP.'s principal place of business is in Danville, California

20      13.    Defendant CLUBCORP DESERT FALLS COUNTRY CLUB, INC. is an affiliate,

21  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

22  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

23  LLC, and/or CLUBCORP USA, INC. CLUBCORP DESERT FALLS COUNTRY CLUB,

24  INC.'s principal place of business is in Palm Dessert, California.

25      14.    Defendant GRANITE BAY GOLF CLUB, INC. a/k/a CLUBCORP GRANITE BAY

26  MANAGEMENT, INC. is an affiliate, subsidiary, or otherwise associated with defendants

27  CLUBCORP HOLDINGS, INC., and/or CLUBCORP CLUB OPERATIONS, INC., and/or CCA

28  CLUB OPERATIONS HOLDING, LLC, and/or CLUBCORP USA, INC. GRANITE BAY

4

1  GOLF CLUB, INC. a/k/a CLUBCORP GRANITE BAY MANAGEMENT, INC.'s principal

2  place of business is in Granite Bay, California,

3      15.   Defendant CLUBCORP IW GOLF CLUB, INC. is an affiliate, subsidiary, or

4  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

5  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

6  CLUBCORP USA, INC.  CLUBCORP IW GOLF CLUB, INC.'s principal place of business is in

7  Indian Wells, California.

8      16.   Defendant CLUBCORP MISSION HILLS COUNTRY CLUB, INC. is an affiliate,

9  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

10  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

11  LLC, and/or CLUBCORP USA, INC.  CLUBCORP MISSION HILLS COUNTRY CLUB,

12  INC.'s principal place of business is in Rancho Mirage, California.

13      17.   Defendant CLUBCORP PORTER VALLEY COUNTRY CLUB, INC. is an affiliate,

14  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

15  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

16  LLC, and/or CLUBCORP USA, INC.  CLUBCORP PORTER VALLEY COUNTRY CLUB,

17  INC.'s principal place of business is in Northridge, California.

18      18.   Defendant SANTA ROSA GOLF & COUNTRY CLUB is an affiliate, subsidiary, or

19  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

20  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

21  CLUBCORP USA, INC.  SANTA ROSA GOLF & COUNTRY CLUB's principal place of

22  business is in Santa Rosa, California.

23      19.   Defendant CLUBCORP SPRING VALLEY LAKE COUNTRY CLUB, Inc. is an

24  affiliate, subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC.,

25  and/or CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS

26  HOLDING, LLC, and/or CLUBCORP USA, INC.  CLUBCORP SPRING VALLEY LAKE

27  COUNTRY CLUB, Inc.'s principal place of business is in Victorville, California.

28      20.   Defendant CLUBCORP TEAL BEND GOLF CLUB, INC. is an affiliate, subsidiary,

5

1  or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

2  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

3  CLUBCORP USA, INC.  CLUBCORP TEAL BEND GOLF CLUB, INC.'s principal place of

4  business is in Sacramento, California.

5       21.    Defendant CLUBCORP TURKEY CREEK GOLF CLUB, INC. is an affiliate,

6  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

7  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

8  LLC, and/or CLUBCORP USA, INC.  CLUBCORP TURKEY CREEK GOLF CLUB, INC.'s

9  principal place of business is in Lincoln, California.

10      22.    Defendant CLUBCORP SYMPHONY TOWERS CLUB, INC., is an affiliate,

11  subsidiary, or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or

12  CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING,

13  LLC, and/or CLUBCORP USA, INC.  Defendant CLUBCORP SYMPHONY TOWERS CLUB,

14  INC.'s principal place of business is in San Diego, California.

15      23.    Defendant THE CITY CLUB OF LOS ANGELES, INC. a/k/a CLUBCORP

16  BUNKER HILL CLUB, INC. is an affiliate, subsidiary, or otherwise associated with defendants

17  CLUBCORP HOLDINGS, INC., and/or CLUBCORP CLUB OPERATIONS, INC., and/or CCA

18  CLUB OPERATIONS HOLDING, LLC, and/or CLUBCORP USA, INC.  THE CITY CLUB OF

19  LOS ANGELES, INC., a/k/a CLUBCORP BUNKER HILL CLUB, INC.'s principal place of

20  business is located in Los Angeles, California.

21      24.    Defendant SILICON VALLEY CAPITAL CLUB a/k/a CLUBCORP SAN JOSE

22  CLUB, INC. is an affiliate, subsidiary, or otherwise associated with defendants CLUBCORP

23  HOLDINGS, INC., and/or CLUBCORP CLUB OPERATIONS, INC., and/or CCA CLUB

24  OPERATIONS HOLDING, LLC, and/or CLUBCORP USA, INC.  SILICON VALLEY

25  CAPITAL CLUB a/k/a CLUBCORP SAN JOSE CLUB, INC.'s principal place of business is in

26  San Jose, California.

27      25.    Defendant MORGAN RUN CLUB & RESORT is an affiliate, subsidiary, or

28  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

1   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

2   CLUBCORP USA, INC.  MORGAN RUN CLUB & RESORT's principal place of business is in

3   Rancho Santa Fe, California.

4       26.   Defendant EMPIRE RANCH GOLF CLUB, LLC is an affiliate, subsidiary, or

5   otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

6   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

7   CLUBCORP USA, INC.  EMPIRE RANCH GOLF CLUB, LLC's principal place of business is

8   in Folsom, California.

9       27.   Defendant OLD RANCH COUNTRY CLUB, LLC is an affiliate, subsidiary, or

10   otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

11   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

12   CLUBCORP USA, INC.  OLD RANCH COUNTRY CLUB, LLC's principal place of business is

13   in Seal Beach, California.

14       28.   Defendant SHADOWRIDGE GOLF CLUB, INC. is an affiliate, subsidiary, or

15   otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

16   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

17   CLUBCORP USA, INC.  SHADOWRIDGE GOLF CLUB, INC.'s principal place of business is

18   in Vista, California.

19       29.   Defendant ROYAL DRIVE COUNTRY CLUB, INC. was an affiliate, subsidiary,

20   or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

21   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

22   CLUBCORP USA, INC., until January 1981.  ROYAL DRIVE COUNTRY CLUB, INC.'s

23   principal place of business was in the State of California.

24       30.   Defendant MCC MANAGEMENT CORPORATION was an affiliate, subsidiary, or

25   otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

26   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

27   CLUBCORP USA, INC., until January 1993.  MCC MANAGEMENT CORPORATION's

28   principal place of business was in the State of California.

7

1       31.    Defendant LAKEVIEW CITY CLUB, INC. was an affiliate, subsidiary, or otherwise

2   associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP CLUB

3   OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or CLUBCORP

4   USA, INC., until December 1996. LAKEVIEW CITY CLUB, INC.'s principal place of business

5   was in the State of California.

6       32.    Defendant SAN FRANCISCO TENNIS CLUB, INC. was an affiliate, subsidiary, or

7   otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

8   CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

9   CLUBCORP USA, INC., until February 2009. SAN FRANCISCO TENNIS CLUB, INC.'s

10  principal place of business was located in San Francisco, California.

11      33.    Defendant LOS GATOS TENNIS CLUB, INC. was an affiliate, subsidiary, or

12  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

13  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

14  CLUBCORP USA, INC., until April 1997. LOS GATOS TENNIS CLUB, INC.'s principal place

15  of business was in Los Gatos, California.

16      34.    Defendant MARINA CLUB MANAGEMENT, INC. was an affiliate, subsidiary, or

17  otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

18  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

19  CLUBCORP USA, INC., until January 1988. MARINA CLUB MANAGEMENT, INC.'s

20  principal place of business was in the State of California.

21      35.    Defendant CLUBCORP AIRWAYS GOLF CLUB, INC., was an affiliate, subsidiary,

22  or otherwise associated with defendants CLUBCORP HOLDINGS, INC., and/or CLUBCORP

23  CLUB OPERATIONS, INC., and/or CCA CLUB OPERATIONS HOLDING, LLC, and/or

24  CLUBCORP USA, INC., until September 2016. CLUBCORP AIRWAYS GOLF CLUB, INC.'s

25  principal place of business was in Fresno, California.

26      36.    Collectively, the above-listed defendants will be referred to in this Complaint as

27  "ClubCorp" or "Defendants."

28

8

Complaint for Injunctive and Declaratory Relief

1    37.    The true names, capacities, and conduct of Does 1 through 100, inclusive, are

2    unknown to the Controller, who therefore sues them by such fictitious names. Each of the

3    defendants designated herein as Does 1 through 100, inclusive, are responsible in some manner

4    for the events and happenings herein described and proximately caused the violations herein

5    alleged. The Controller will seek leave to amend this complaint to set forth the true names,

6    capacities, and conduct of these fictitiously named defendants when they become known.

7    38.    Each defendant named herein, including all fictitiously named defendants, are and at

8    all times mentioned were, the agent or employee of the remaining defendants, and in doing or

9    failing to do the things hereafter alleged, were acting in the course and scope of that agency or

10   employment with the full consent, either express or implied, of each of the remaining defendants.

11                              **UNCLAIMED PROPERTY LAW**

12   39.    The objectives of the UPL are "to reunite owners with unclaimed funds or property,"

13   and "to give the state, rather than the holder, the benefit of the use of unclaimed funds or

14   property." (*Bank of America v. Cory* (1985) 164 Cal.App.3d 66, 74.) "The state, through the

15   Controller, acts as the protector of the rights of the true owner, and is required to affirmatively

16   take all steps to carry out the purposes of the [Unclaimed Property Law]." (*Id.,* internal citations

17   omitted.)

18   40.    The UPL requires that holders (usually financial institutions and other businesses)

19   identify, report, and then deliver unclaimed property of various types to the Controller. (Code

20   Civ. Proc., §§ 1520, 1530, 1532, 1532.1.) All tangible personal property located in California and

21   all intangible property that is held or owing in the ordinary course of the holder's business, and

22   has remained unclaimed by the owner for a prescribed period of time depending on the type of

23   property (three years in most cases) after it has become payable or distributable, escheats to the

24   State. (*Id.*) The Controller assumes custody of, and is responsible for, the safekeeping of such

25   property for the owner of the property. (*Id.*, § 1560.) Title to unclaimed property vests in the

26   State, subject to the right of the owners (or their descendants) to appear and claim the escheated

27   property. (*Id.*, §§ 1300, subd. (c), 1540, subd. (d).)

28   41.    The UPL requires notices to owners to alert them that their property is subject to

9

1   escheat by a holder or has been escheated to the Controller.  Holders are required to notify

2   apparent owners of unclaimed property of its impending transfer prior to payment or delivery to

3   the State.  (Code Civ. Proc., §§ 1513.5, subds. (c), (d), 1516, subds. (d), (e), 1520, subd. (b).)  The

4   Controller is also required to notify owners of unclaimed property that is reported to it prior to

5   payment or delivery of the property.  (*Id.*, § 1531, subd. (d).)  Post-transfer notifications are also

6   required.  (*Id.*, § 1531, subds. (a)-(c).)

7
## JURISDICTION AND VENUE

8      42.   Defendants are "holders" under the UPL.  Where a holder of unclaimed property is

9   domiciled in the state or engaged in and transacting business in the state, the Controller may bring

10  an action in any court of this state of appropriate jurisdiction to: (1) enforce the duty of any

11  person to permit an examination of the records of such person; (2) obtain a judicial determination

12  that particular property is subject to escheat; or (3) enforce delivery of any property to the

13  Controller.  (Code Civ. Proc., §§ 1572, subds. (a)(1)-(3), (b)(1)-(2).)  There is no statute of

14  limitations within which the Controller must bring an action to enforce these provisions of the

15  UPL.  (Code Civ. Proc., § 1570; *Bank of American v. Cory* (1985) 164 Cal.App.3d 66, 76.)

16      43.   This Court has jurisdiction over all causes of action in this Complaint, and venue lies

17  in this Court, as ClubCorp engages(ed) in and transacts(ed) business in the County of San

18  Francisco.

19
## CLUBCORP'S BUSINESS PRACTICES

20      44.   In 2008, the Controller joined a multi-state audit, lead by the State of Texas, to review

21  ClubCorp's books and records.  The audit's purpose was to determine whether ClubCorp held

22  unclaimed property that should have been reported and escheated to the states participating in the

23  audit.  The unclaimed property at issue included millions of dollars worth of "initiation deposits"

24  or "membership deposits" that ClubCorp has collected over many years from former and current

25  members of its golf and country clubs nationwide.  ClubCorp collected these deposits under

26  contracts with its members.  The contracts require(d) ClubCorp to repay or refund the money to

27  the members after a set number of years.  In violation of its contractual obligations and the UPL,

28  ClubCorp has failed to repay or refund the deposits to former and current members, and has failed

10

1    to report and deliver the unclaimed funds to the Controller as required by the UPL and other
2    states' unclaimed property laws.

3    45.    In 2019, the multi-state auditors notified the Controller that Texas had filed a petition
4    in Texas state court against ClubCorp, *State of Texas v ClubCorp Holdings, Inc. et al.*, Travis
5    County, Cause No. D-1-GN-19-000119, to recover membership deposits as unclaimed property
6    under Texas's escheat laws. The action followed Club Corp's refusal to permit a complete and
7    timely examination of its books and records.

8    46.    Given ClubCorp's refusal since 2008 to allow the multi-state auditors to perform a
9    complete and timely examination of its books and records, and its failure to report and deliver to
10   the Controller millions of dollars in unclaimed membership deposits, judicial intervention is
11   needed to secure ClubCorp's compliance with the UPL.

12   47.    Over several decades, more than 9,000 Californians entered into membership
13   contracts with ClubCorp and paid deposits on the condition that the money would be paid back to
14   them after a set number of years. ClubCorp made no efforts to return the money as promised. It
15   also failed to notify the Controller that it was holding these funds after expiration of the three-
16   year dormancy period on the deposits. Although ClubCorp filed unclaimed property reports with
17   the Controller, it did not identify the membership deposits, and it did not escheat them. As of
18   2017, ClubCorp had failed to escheat more than $10 million in unclaimed membership deposits
19   due and owing to the Controller.

20   48.    These deposits were left unclaimed for more than three years after they became due
21   and payable to the members. ClubCorp must therefore allow a complete and timely examination
22   of its books and records to precisely determine how many such deposits are unclaimed and their
23   value. After that, the amounts due and owing must be reported and delivered to the Controller
24   pursuant to the UPL. Any unclaimed deposits of former and current members of ClubCorp clubs
25   located outside of California must also be reported and escheated to the Controller, if the
26   dormancy period has expired and any such members' last known address is in California. (Code
27   Civ. Proc., § 1510.)

28   49.    As a result of ClubCorp's refusal to allow a complete and timely examination of its

11

1  books and records, and its failure to report and escheat unclaimed membership deposits to the

2  Controller as described above, the Controller and the State of California have been injured. The

3  Controller's authority and duties to complete a lawful examination of unclaimed property held by

4  ClubCorp, and to return unclaimed property to its rightful owners, have been frustrated.

5  Additionally, the State has been deprived of the beneficial use of the unclaimed membership

6  deposits being held by ClubCorp.

7      50.    A present controversy exists between ClubCorp and the Controller over these alleged

8  violations. The Controller contends that ClubCorp has violated its obligations to submit to a

9  complete and timely examination of its books and records, and to report and escheat unclaimed

10  membership deposits to the Controller. ClubCorp disputes this.

11                                  **FIRST CAUSE OF ACTION**

12  **Unclaimed Property Law—Action to Enforce Duty to Permit Examination of Records**

13                              **(Code Civ. Proc., §§ 1571-1572)**

14                                  **(Against all Defendants)**

15      51.    Plaintiff incorporates paragraphs 1 through 50 as though fully set forth herein.

16      52.    The Controller has reason to believe that ClubCorp has failed to report unclaimed

17  membership deposits that are subject to escheat. (Code Civ. Proc., § 1571, subd. (a).) Since

18  2008, the Controller has sought, unsuccessfully, to examine ClubCorp's books and records as part

19  of a multi-state audit. Due to ClubCorp's refusal to cooperate with the multi-state audit, Texas

20  has now filed suit in its own state courts against ClubCorp to recover unclaimed membership

21  deposits due and owing to the Texas Comptroller. In these circumstances, the Controller may

22  bring an action to enforce ClubCorp's duty under the UPL to permit a complete and timely

23  examination of ClubCorp's books and records, so that unclaimed membership deposits subject to

24  escheat may be identified, reported, and delivered to the Controller. (*Id.*, § 1572, subd. (a)(1).)

25      53.    Absent judicial intervention, the Controller's efforts to identify and recover

26  unclaimed membership deposits in ClubCorp's possession will continue to be frustrated.

27      54.    Accordingly, pursuant to Code of Civil Procedure sections 1571 and 1572, the

28  Controller is entitled to an order enforcing ClubCorp's duty to permit a complete and timely

                                            12

                          Complaint for Injunctive and Declaratory Relief

1   examination of its books and records.

2   ## SECOND CAUSE OF ACTION

3   **Unclaimed Property Law—Action for Judicial Determination that Particular Property is**

4   **Subject to Escheat**

5   **(Code Civ. Proc., § 1572, subd. (a)(2))**

6   **(Against all Defendants)**

7   55.   The Controller incorporates paragraphs 1 through 54 as though fully set forth herein.

8   56.   The Controller contends that ClubCorp has violated, and continues to violate, the

9   UPL by failing to identify and report unclaimed membership deposits that are subject to escheat.

10   ClubCorp disputes this.  Thus, an actual controversy now exists between the Controller and

11   ClubCorp concerning their respective rights, duties, and obligations under the UPL.

12   57.   Accordingly, pursuant to Code of Civil Procedure sections 1571 and 1572, the

13   Controller is entitled to an order determining the unclaimed membership deposits held by

14   ClubCorp that are subject to escheat.  (Code Civ. Proc., § 1572, subd. (a)(2).)

15   ## THIRD CAUSE OF ACTION

16   **Unclaimed Property Law—Action to Enforce Delivery of Unclaimed Property**

17   **(Code Civ. Proc., § 1572, subd. (a)(3))**

18   **(Against all Defendants)**

19   58.   The Controller incorporates paragraphs 1 through 57 as though fully set forth herein.

20   59.   The Controller may bring an action to enforce the delivery of any property due and

21   owing to the Controller under the UPL.  (Code Civ. Proc., § 1572, subd. (a)(3).)  ClubCorp has

22   refused, and continues to refuse, to deliver to the Controller unclaimed membership deposits that

23   are subject to escheat.  Accordingly, the Controller is entitled to an order enforcing the delivery

24   of all such unclaimed property to it pursuant to the UPL.

25   ## PRAYER FOR RELIEF

26   WHEREFORE, the Controller prays for judgment against Defendants, and each of them, as

27   follows:

28

13

1     1.     On the first cause of action, for a permanent injunction requiring ClubCorp to submit

2   to a complete and timely examination of its books and records pursuant to Code of Civil

3   Procedure sections 1571 and 1572. The injunction shall include requirements that ClubCorp

4   provide: (1) complete and accurate responses to all requests for information from the Controller

5   concerning the subjects of the examination; (2) prompt, on-site access to ClubCorp personnel

6   with personal knowledge of the subjects of the examination; and (3) prompt, on-site access to

7   ClubCorp's electronic and/or paper bookkeeping systems concerning the subjects of the

8   examination.

9     2.     On the second cause of action, for an order determining the number and value of

10   unclaimed membership deposits held by ClubCorp that must be reported and escheated to the

11   Controller.

12     3.     On the third cause of action, for a permanent injunction requiring ClubCorp to deliver

13   to the Controller all membership deposits that are judicially determined to be subject to escheat.

14     4.     For interest due and payable for failure to report or deliver unclaimed property within

15   the time prescribed by the UPL at a rate of 12 percent per annum on that property from the date

16   the property should have been reported or paid. (Code Civ. Proc., § 1577.)

17     5.     For fines due for willful failures to report, pay, deliver escheated property, or perform

18   other duties required by the UPL, upon a failure to respond within a reasonable time after

19   notification by certified mail by the Controller. (Code Civ. Proc., § 1576.)

20     6.     For all costs of suit.

21     7.     For any other relief this Court deems just, proper and equitable.

22   Dated: May 28, 2019                  Respectfully Submitted,

23                                   XAVIER BECERRA
                                      Attorney General of California

24                                  PAUL STEIN
                                    Supervising Deputy Attorney General

25

26                                  S. MICHELE INAN

27                                    Deputy Attorney General
                                    *Attorneys for Plaintiff Betty Yee, Controller*
                                    *of the State of California*

28

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** **OCT-30-2019**

**TIME:** **10:30AM**

**PLACE:** **Department 610**
**400 McAllister Street**
**San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order  **without an appearance**  at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.   **This case is eligible for electronic filing and service per Local Rule 2.11.  For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION,  AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

 (SEE LOCAL RULE 4)

Plaintiff  **must**  serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk.  All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State bar number, and address):*
S. Michele Inan, SBN 119205
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102
Email: Michele.Inan@doj.ca.gov
TELEPHONE NO.: 415-510-3802    FAX NO.: 415-703-5480
ATTORNEY FOR *(Name):* Betty Yee, Plaintiff Controller of State of California

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4514
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Betty Yee v. ClubCorp Holdings, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: CGC-19-576314<br>DEPT: |

*FOR COURT USE ONLY*
F I L E D
San Francisco County Superior Court
MAY 29 2019
CLERK OF THE COURT
BY: _____
Deputy Clerk

BY FAX

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☑ RICO (27)
☑ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☑ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):*  Three
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 28, 2019

_____
(TYPE OR PRINT NAME)    ▶ *S. Michele Inan*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
*case involves an uninsured*
*motorist claim subject to*
*arbitration, check this item*
*instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or*
*toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil*
*harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer*
*or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally*
*complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent*
*domain, landlord/tenant, or*
*foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
*drugs, check this item; otherwise,*
*report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex*
*case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-*
*domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
*above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-*
*harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified*
*above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**



**Superior Court of California, County of San Francisco**
## Alternative Dispute Resolution
## Program Information Package



> The plaintiff must serve a copy of the ADR information package
> on each defendant along with the complaint.  (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial.  There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences.  In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.**  The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.**  For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case.  General civil cases may voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-982-1600 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA   94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

## 1) EARLY SETTLEMENT CONFERENCES

The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** This program, provided in conjunction with the court, pairs parties with a two-member volunteer attorney panel. The panels are comprised of one plaintiff and one defense attorney, each with at least 10 years of trial experience. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist.

**Operation:** The settlement conference typically occurs 2 to 3 months prior to the trial date. BASF informs the participants of the conference date well in advance and provides the names of the panelists and location of the conference approximately 2 weeks prior to the conference. Panelists provide at **no cost** up to 2 hours of their time at each conference, and many panelists provide additional time at no cost if a settlement is imminent. A conference typically begins with a brief meeting with all parties and their attorneys during which each side presents an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of their cases, utilizing private meetings as appropriate. If a case does not settle during the first two hours, parties have the option to hire the panelists to continue the conference.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's ESP Coordinator at 415-782-9000 ext. 8717 or visit www.sfbar.org/esp.

**(B) COURT SETTLEMENT CONFERENCE:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** A mediator provides at **no cost** one hour of preparation time and two hours of mediation time. After those three hours, if the case is not resolved, parties have the option to continue the process and pay the mediator at his or her regular hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties may select a specific mediator or BASF will help the parties make a selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process.

**Cost:** BASF charges an administrative fee of $250 per party. For information on fees for cases involving multiple parties, please contact BASF. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Parties who meet certain eligibility requirements may request a waiver of the fee. For more information, please contact BASF's Mediation Coordinator at 415-782-9000 ext. 8787 or visit www.sfbar.org/mediation.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will very depending on the mediator selected.

### 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's Arbitration Panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 30 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.